This is an appeal from a determination of the Board of Review of the Division of Employment Security of the State Department of Labor and Industry, formerly known as the Board of Review of the Unemployment Compensation Commission, fixing the benefits to which appellant was entitled. Appellant's claim was presented and decided by virtue of the provisions of the Unemployment Compensation Law, R.S. 43:21 et seq.
The only question raised by this appeal is a factual one. Appellant contended below, as he does here, that for the base year covering the period from October 1, 1945, to September 30, 1946, the benefit formula should have been calculated on his total earnings of $1,820, entitling him to weekly benefits of $21, whereas the employer-respondent, Liberty Restaurant, represented that Curtis' total wages for the base year were $815.65, with highest quarterly earnings of $258.50 for the quarter ending June 30, 1946. Following several hearings, the Board of Review decided that Curtis was entitled to benefits as to the maximum total amount and the weekly rate in accordance with wages reported by the employer for the base year, totaling $815.65, with highest quarterly earnings of $258.50, thereby making appellant eligible for weekly benefits of $12 and the maximum amount of $272.
Under R. 3:81-13, in appeals from administrative agencies, this court has "* * * power to review the facts and make independent findings thereon, which power may *Page 15 
be exercised by it to such extent as the interests of justice may require." Under R. 1:2-20 and 4:2-6, dealing with a review of a cause involving issues of fact not determined by a verdict of a jury, "* * * due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The testimony proffered respectively by the employee and employer was quite contradictory and the credibility of the witnesses on the crucial point of inquiry was sharply controverted. The Board of Review had the advantage of personal observation of the witnesses. As Mr. Justice Heher, speaking for the Supreme Court, in the case of Gilbert v. Gilbert Machine Works, Inc.,122 N.J.L. 533 (1939), at pp. 538, 539, stated:
"* * * The demeanor of the witness is ofttimes a factor of major importance in determining the probative value and weight of his evidence. The tone of voice, the readiness or reluctance with which questions are answered, his reaction to surprise and unexpected inquiries, his carriage and expression, his seeming interest or lack of it, are all circumstances of consequence known only to the judicial officer in whose presence the witness testifies; and so, there is a natural hesitation on the part of the appellate tribunal, confined as it is to the written word, to disturb factual conclusions of the judicial officer to whom the evidence has been orally presented."
See, also, Reis v. Breeze Corporations, Inc., 129 N.J.L. 138
(Sup. Ct. 1942); De Geeter v. Bennett, 133 N.J. Eq. 349
(E. A. 1943).
We have carefully reviewed the evidence and are satisfied that there was sufficient competent evidence to support the determination of the Board of Review.
The decision of the Board of Review is affirmed, without costs. *Page 16