11 N.J. Super. 321 (1951)
78 A.2d 306
CHARLES HEADWEAR, INC., PLAINTIFF-APPELLANT,
v.
BOARD OF REVIEW AND LOUIS B. CORTEZ, DEFENDANTS-RESPONDENTS. CHARLES HEADWEAR, INC., PLAINTIFF-APPELLANT,
v.
BOARD OF REVIEW AND GEORGE H. FERRIS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1950.
Decided January 18, 1951.
*324 Before Judges FREUND, PROCTOR and ROGERS.
*325 Mr. Edward Sachar, attorney for and of counsel with plaintiff-appellant, argued the cause.
Mr. Clarence F. McGovern, attorney for and of counsel with defendants-respondents, argued the cause.
The opinion of the court was delivered by PROCTOR, J.A.D.
These two cases, consolidated by order of this court, involve benefit disputes under the Unemployment Compensation Law. They are here upon the employer's appeal from decisions of the Board of Review of the Division of Employment Security in the Department of Labor and Industry.
The claimants, Cortez and Ferris, employees of appellant, were discharged following what the employer characterized as a deliberate slowdown of their work in the plant. Cortez was discharged on November 17, 1949, and Ferris was discharged on the next day. Both Cortez and Ferris applied for unemployment benefits.
A determination in each case was made by the deputy that the claimant was ineligible for benefits for the period November 17 to December 10, 1949, because he had been engaged in a deliberate slowdown, constituting misconduct connected with his work and justifying his discharge. On appeals from these determinations the appeal tribunal, on February 9, 1950, received evidence relating to the conditions pertaining to the discharge of the claimants. During the pendency of the claims before the appeal tribunal a further period of unemployment ensued, and it appeared that claimants during a part of such period had been devoting their full time to picketing. On March 1, 1950, the appeal tribunal determined that the claimants were ineligible for benefits because, during the initial period, they had been unemployed as a result of a discharge for misconduct and, during the later period, they had been devoting their full time to picketing. On March 8, 1950, Cortez gave notice of appeal to the Board of Review. His notice of appeal contained a statement that he was appealing only from that portion of the decision which held him to be *326 ineligible for benefits during and after the time he was engaged in picketing. Ferris did not appeal, but the Board of Review, on its own motion, on March 15, 1950, removed to itself the claim from the appeal tribunal.
On March 30, 1950, the Board of Review conducted a hearing on both claims. Evidence was presented relating to the availability for employment of the claimants, as to Cortez after February 8, 1950, and as to Ferris after February 5, 1950. Other evidence was also presented. The claimants testified to their respective availability for work after the specified dates as their time had not been devoted fully to picketing. They also testified as to their unsuccessful efforts to obtain employment. Their employer, the appellant, presented additional evidence relating to the slowdown preceding claimants' discharge. The employer also introduced production records into evidence for the purpose of showing that claimants' production had declined and that less experienced men, hired in their stead, had produced as much or more than claimants.
The Board of Review found and decided that claimants had not been guilty of misconduct in connection with their work and that their discharge was not justified. The Board further found that Cortez as of February 9, 1950, and Ferris as of February 5, 1950, were available for employment and that, therefore, they were entitled to unemployment benefits from and after those dates.
The appellant, in seeking to set aside the decisions of the Board of Review, contends: (1) the Board had no jurisdiction to review the decisions of the appeal tribunal since said decisions had become final; (2) the Board could not determine as an initial matter claimants' rights to benefits after February 9, 1950; (3) the discharge of the claimants was for misconduct within the meaning of R.S. 43:21-5(b).
The applicable statute is R.S. 43:21-6, as amended by P.L. 1945, c. 308, p. 893. (The later amendment by P.L. 1950, c. 167 is inapplicable to the present case.) Subsection (c) relating to a decision of the appeal tribunal provides:
*327 "Such tribunal's decision * * * shall be deemed to be the final decision of the board of review, unless within ten days after the date of notification or mailing of such decision, further appeal is initiated pursuant to subsection (e) of this section."
Subsection (e) provides:
"The board of review may on its own motion affirm, modify, or set aside any decision of an appeal tribunal on the basis of evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it. * * * The board of review may remove to itself or transfer to another appeal tribunal the proceedings of any claim pending before an appeal tribunal. * * *."
Decisions of an appeal tribunal, which are not appealed under R.S. 43:21-6(c), or removed under subsection (e) of the same section, become decisions of the Board of Review. The Board is expressly empowered on its own motion to affirm, modify or set aside the decisions of an appeal tribunal. This procedure is clearly designed to expedite the final determination of disputed benefit claims and to obtain uniformity of disposition. Under subsection (d) of R.S. 43:21-10 the Board of Review acts as a final appeals board in cases of benefit disputes and supervises the work of local appeal tribunals. There is but a single Board of Review whereas the statute provides that there may be several appeal tribunals.

(1)
The Board had jurisdiction to review the decisions of the appeal tribunal. In each case the appeal tribunal decision was dated March 1, 1950, but the notification to the parties was mailed on March 6, 1950. The Ferris claim was removed to the Board on its own motion pursuant to the authority expressly conferred by the statute. The order of removal to the Board was made on March 15, 1950, within the statutory ten-day period from the date of such mailing. The Cortez claim was appealed to the Board by the claimant within the same period.
*328 The Board's jurisdiction was complete and it had the power to consider and determine each claim in all its aspects. The Board was authorized to and did take additional evidence. The appellant presented additional evidence relating to the discharge of Cortez and it was afforded a full opportunity to be heard upon the claims. The attempted limitation of the scope of the appeal in the Cortez claim by the statement contained in the notice of appeal in nowise restricted the jurisdiction of the board. The statute does not limit the scope of the review, nor does it expressly or impliedly authorize a partial appeal or the appeal from part of the decision of an appeal tribunal. The appeal removes the claim in its entirety. Any other holding would be inconsistent with the statutory scheme for the disposition of disputed benefit claims.

(2)
The Board of Review does not exist solely for the purpose of reviewing the initial determinations of the deputy and subsequent decisions of the appeal tribunal.
It is recognized that unemployment compensation laws are essentially administrative in their character. "The unemployment compensation acts are administered by administrative agencies which must be given wide discretion and freedom in their activities." Sutherland, Statutory Construction (3rd ed.), § 7211.
The Board had the power under R.S. 43:21-6(e), which it exercised in the present case, to assume jurisdiction of any claim pending before the appeal tribunal and to hold a hearing thereon. The intent of the statute is that a claim shall go forward in its entirety in each successive step in its consideration. There is no statutory compulsion to remand a claim at any stage of its progress toward final determination. The deputy and the appeal tribunal are, in effect, merely representatives or agents of the Board which is the ultimate factfinding body. Neither the statute nor procedural due process requires a hearing at any particular stage as long as a hearing is accorded before the final order becomes effective. Of course, *329 as to matters arising subsequent to the filing of the original claim, all of the parties must be afforded notice and opportunity to be heard and to present evidence relating to such new matters. Due process and fair play demand this. Cf. McFeely v. Board of Pension Commissioners of City of Hoboken, 1 N.J. 212, 216 (1948). However, no such problem is presented here, as appellant not only had notice and opportunity to be heard but actually participated in the hearing without objection.

(3)
On the question of claimants' discharge for misconduct, the evidence was somewhat conflicting. Testimony was offered by the claimants and the appellant. The Board had the record and the advantage of personally observing appellant's witness, Spagnon. We have carefully reviewed the record and are satisfied that there was sufficient competent evidence to support the determinations of the Board of Review. See Curtis v. Liberty Restaurant, 4 N.J. Super. 13 (App. Div. 1949).
The decisions of the Board of Review are affirmed.