99 N.J. Super. 397 (1968)
240 A.2d 172
JOSEPH SAVASTANO, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1968.
Decided February 29, 1968.
*398 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. John F. Vassallo, Jr. argued the cause for appellant.
Mr. Edward A. Kaplan argued the cause for respondent.
The opinion of the court was delivered by LEWIS, J.A.D.
Claimant Joseph Savastano appeals from a final determination of the Board of Review, Division of Employment Security, that he was disqualified under N.J.S.A. 43:21-5(a) from receiving unemployment benefits. The Board's decision affirmed concordant conclusions of the claims examiner for the Division and its Appeal Tribunal.
*399 On Saturday, January 7, 1967, Savastano was employed as a dishwasher at Angelo's Restaurant in Lyndhurst. The employer testified at the hearing before the Board that he had not fired claimant, stating that the latter, following an argument with the cook, left the restaurant without saying a word to anyone. In response to the question, "Did he [Savastano] try to get back to work," the employer replied, "He came in, but like I say, I felt if there was going to be any hard feelings between the two people it is best that he did not come back to work." He also stated that claimant had probably not asked to go back to work on Sunday "because I already had someone else."
There were conflicting versions as to the severity of the argument. According to the employer, "They [claimant and the cook] exchanged a few words." Savastano maintained, however, that the cook grabbed him "by the throat." He testified that after the encounter, "I no feel good, I started to get nervous and I told the boss I go home." He also testified that he had gone "to work" at the restaurant the following day (Sunday) at 4:45 p.m. (his shift began at 5 p.m.) and "found somebody had replaced me. * * * the boss * * * make up the pay and he give it to me and say `good bye, take care of yourself.' That was all."
The Board in its opinion, after quoting N.J.S.A. 43:21-5(a) which, in pertinent part, provides that an individual shall be disqualified for benefits when "he has left work voluntarily without good cause attributable to such work * * *," concluded:
"The evidence in this case indicates that the claimant walked off the job without good cause, leaving the employer without adequate help at a crucial time. The employer had no choice but to obtain a replacement for the claimant as soon as possible and was fortunate in being able to do so immediately. Thus the cause of the separation was the claimant's leaving work on Saturday nite, January 7, under conditions which cannot be considered good cause attributable to the work. If he were in fact aggrieved, the employer was present to adjust the matter and he should have been given an opportunity to do so before the claimant walked out of the establishment. Accordingly, *400 we find that the claimant is subject to disqualification for leaving work voluntarily without good cause attributable to the work. * * * The claimant is disqualified for benefits as of January 7, 1967 in accordance with R.S. 43:21-5(a)."
The opinion makes no reference to N.J.S.A. 43:21-5(b), which is applicable to a discharged employee and disqualifies him from benefits "For the week in which he has been discharged for misconduct connected with his work, and for the 5 weeks which immediately follow such week * * * as determined in each case."
Moreover, the Board made no specific findings and conclusions with respect to the critical questions: (1) was Savastano in fact temporarily incapacitated as the result of his encounter with the cook; (2) what, if anything, did he say when he left; (3) was he prepared to resume work when he returned the following day; (4) did the employer sever the employment relationship by the hiring of a permanent replacement dishwasher, and (5) did claimant quit or was he discharged?
It seems plain from a contrastive reading of subsections (a) and (b) that the Legislature, in adopting the language "has left work" in the disqualification subsection (a), was undoubtedly mindful of a distinction between quitting employment and being discharged. Employees frequently leave work temporarily for some fleeting physical or mental irritation, or "in a huff" occasioned by one or more of the frustrations attending commercial life, without intending to quit. Although such an individual may be said to have left work voluntarily and without good cause attributable to the work, thus engaging in conduct which might justify a discharge by the employer, nevertheless such a party may not be said to have "left work" in the meaning of having severed his employment relationship with an intent not to return.
Whether a situation is embraced by subsection (a) or (b) depends upon the facts of each particular case. The central issue, did the employee voluntarily leave in the sense *401 of "quitting" or was he discharged by the employer, is to be determined by the Board upon an analysis of the evidence and specific findings of fact supportive of its conclusion. See Radice v. N.J. Department of Labor and Industry, 4 N.J. Super. 364, 368-369 (App. Div. 1949); Higgins v. Board of Review, 33 N.J. Super. 535, 540 (App. Div. 1955).
There is some indication that claimant wanted to subpoena a fellow-employee to corroborate his testimony, but it is not discernible from the record why that was not done. We also note that the employer appeared before the Board at a different hour than the claimant, thus denying the latter an opportunity to cross-examine or question what the employer had said.
Reversed and remanded for further proceedings by the Board not inconsistent herewith. At any subsequent hearing claimant and his employer should be present at the same time. Claimant should also have full opportunity to obtain such witnesses as may be available to give evidence as to the events surrounding the cessation of his employment.