653 A.2d 1188

LAUREEN RYAN, PETITIONER–RESPONDENT, v. MELISSA M. BROWN, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 8, 1995—Decided February 27, 1995.

Before Judges GAULKIN, KESTIN and A.A. RODRÍGUEZ*.

*Alan L. Zegas* argued the cause for appellant (Mr. Zegas on the brief).

*John M. Pinho* argued the cause for respondent (*Javerbaum, Wurgaft & Hicks*, attorneys; *Mr. Pinho*, of counsel and on the brief).

*Ellen A. Reichart*, Deputy Attorney General, filed a statement in lieu of brief on behalf of the Board of Review (*Deborah T. Poritz*, Attorney General, attorney).

---

* Judge Rodríguez did not participate in oral argument. With the consent of the parties, he joins in deciding the matter.

The opinion of the court was delivered by

KESTIN, J.A.D.

After petitioner's claim for unemployment compensation benefits was denied by the Division of Unemployment and Disability Insurance and an order entered that she repay $7686 in benefits that had already been paid, petitioner filed an appeal on the administrative level. After a hearing, the Appeal Tribunal reversed the Division's determination, reinstating petitioner's benefits and vacating the order requiring her to refund past benefits. Respondent employer then appealed to the Board of Review, which affirmed the Appeal Tribunal "[o]n the basis of the record below." That decision of the Board of Review is the subject of this appeal by the employer.

The record before us is incomplete in that the transcript of the Appeal Tribunal hearing, which is based upon an apparently poor audio tape, depicts only the direct testimony of petitioner, then appearing *pro se*. The transcript contains the following notation from the transcriber:

> NOTE: This tape contained several parts that were difficult to discern. There was [sic] only two microphones in use. Many speakers were unidentified generally, or at the time of a particular statement when they were not near a microphone. Additionally, the transcript ends at the point at which the available tape ended. The subsequent tape was not available.

There is no dispute that the hearing also included cross-examination of petitioner by the employer's attorney as well as testimony from the employer herself. As far as we are able to discern, the record before the Board of Review was no more complete than is the record before us.

On appeal, the employer argues that the Board of Review erred as a matter of law in holding petitioner eligible for unemployment benefits. This argument is based upon "uncontroverted evidence" that the employer contends required a conclusion that petitioner was ineligible. The employer argues, further, that if a favorable determination on the merits as a matter of law is not made, the case must be remanded because of the incomplete record. Peti-

tioner argues that she is entitled to unemployment compensation benefits as a matter of law and that the record is adequate to support the decision on the administrative level.

We do not reach the legal question because of the state of the record. Without a reasonably complete transcript of the evidentiary hearing, we are unable to make a confident ruling concerning the legal rights of the parties, which are unavoidably linked to factual elements of the case.

In the absence of a complete record, the Board of Review could not validly discharge its function with respect to the Appeal Tribunal's decision. When the Board of Review is called upon to consider a decision of the Appeal Tribunal it

> may on its own motion affirm, modify, or set aside any decision of an appeal tribunal *on the basis of the evidence previously submitted in such case,* or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it.
>
> [*N.J.S.A.* 43:21–6(e) (emphasis supplied) ]

This expression of the Board's authority connotes a *"de novo* on the record" standard of review, *i.e.,* the Board is required to reach independent findings of fact based upon the record made before the Appeal Tribunal, or it may supplement that record by "direct[ing] the taking of additional evidence." *Ibid.; N.J.A.C.* 12:20–Appendix 1:12–14.3. *See also Softexture Yarns, Inc. v. Board of Review,* 59 *N.J.Super.* 57, 157 *A.*2d 142 (App.Div.1960); *Charles Headwear, Inc. v. Board of Review,* 11 *N.J.Super.* 321, 78 *A.*2d 306 (App.Div.1951).

Manifestly, a reviewing body employing the *"de novo* on the record" standard is in no position to make independent determinations of fact in the absence of a record substantially reflecting what transpired at the required evidentiary proceeding, unless further steps are taken to flesh out the record. Under the statute spelling out its functions, *N.J.S.A.* 43:21–6(e), the Board of Review had several choices in this regard. It could have remanded to the Appeal Tribunal for a new or supplemental hearing; it could have held its own hearing to create an adequate record or to supplement the existing record; it could even have ordered the Appeal

Tribunal and the parties to reconstruct the missing portions of the record, see, e.g., State v. Izaguirre, 272 N.J.Super. 51, 639 A.2d 343 (App.Div.1994). The one thing the Board of Review could not do was to affirm "on the basis of the record below" when the record before it was patently and basically deficient.

Even if the Board of Review were called upon to apply an appellate standard of review, without a reasonably complete record it could hardly make a qualitative or principled determination whether the decision of the Appeal Tribunal was or was not supported by substantial evidence in the record. See Softexture Yarns, supra, 59 N.J.Super. 57, 157 A.2d 142. Nor can we.

Because we view the existing record as deficient, the decision of the Board of Review based thereon must be vacated. The matter is remanded for such proceedings as the Board of Review may direct for producing an adequate record and a decision based thereon.

Reversed and remanded.