**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2103-16T2

RICHARD DELGADO,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, AND
SUBURBAN PROPANE, INC.,

    Respondents.

_____

          Argued May 10, 2018 — Decided June 20, 2018

          Before Judges Rothstadt and Gooden Brown.

          On appeal from the Board of Review, Department
          of Labor, Docket No. 051,656.

          Sarah Hymowitz argued the cause for appellant
          (Legal Services of New Jersey, attorneys;
          Sarah Hymowitz and Melville D. Miller, on the
          briefs).

          Rimma Razhba, Deputy Attorney General, argued
          the cause for respondent Board of Review
          (Gurbir S. Grewal, Attorney General, attorney;
          Melissa Dutton Schaffer, Assistant Attorney
          General, of counsel; Rimma Razhba, on the
          brief).

PER CURIAM

Richard Delgado appeals from a final agency decision of the Board of Review (Board), which denied his request to "reopen" the Board's earlier decision deeming him ineligible for unemployment benefits. The Board found that Delgado voluntarily left his job for reasons not attributable to the work after a meeting at which he received an unsatisfactory performance appraisal. The Board also directed that Delgado refund $13,416 in benefits that were paid to him. For the reasons that follow, we reverse the Board's decision and remand the matter for consideration anew.

The facts derived from the record are summarized as follows. Delgado was employed by respondent, Suburban Propane, Inc. (Suburban), as a credit analyst from February 25, 2013 until February 24, 2015. His employment terminated when Delgado left a meeting with his supervisor and the company's vice president to discuss his job performance.

After Delgado stopped working at Suburban, he applied for unemployment benefits. In response, a Deputy Director of respondent, the Department of Labor and Workforce Development (Department), issued a Notice of Determination, advising Delgado he was disqualified from receiving benefits. According to the notice, Delgado quit his job without good cause attributable to the work when he "left [his] job voluntarily because [he] felt

[his] supervisor's criticism of [his] job performance was unduly severe."

Delgado filed an appeal from the Deputy Director's determination with the Appeal Tribunal in which he claimed he was terminated by Suburban and had not quit his job. In response to Delgado's appeal, the Appeal Tribunal conducted a telephonic hearing on April 30, 2015, during which Delgado and his supervisor from Suburban testified. The testimony adduced at the hearing focused on each party's version of what occurred at the meeting, Delgado's return to the office the following day, and whether he was fired or quit on either day. On May 1, 2015, the Appeal Tribunal issued a written decision reversing the Deputy Director's determination, after it found Delgado had been discharged and was not ineligible for benefits under N.J.S.A. 43:21-5(a) because the evidence did not support a finding of misconduct under N.J.S.A. 43:21-5(b).

Suburban appealed on May 21, 2015 and, on May 27, 2015, the Board mailed a Notification of Appeal to Delgado. The notice advised Delgado that the Board had received "correspondence" from Suburban that was "under consideration by the Board," without providing a copy of Suburban's submission to Delgado. The submission consisted of an uncertified statement from an undisclosed author setting forth facts surrounding the meeting and

subsequent events that led to Delgado leaving Suburban's employment. It raised new points about Delgado's behavior during his employment and the meeting, as well as additional behavior that allegedly occurred as he left the office. For example, it identified various company policies that Delgado allegedly violated that were never discussed during the hearing before the Appeal Tribunal. It also stated Delgado "slap[ped] high five with another co-worker on his way out" the door after the meeting.

Despite not providing Delgado with a copy of Suburban's submission, the notice stated that he had seven days to "submit any written arguments you wish the Board to consider [.]" Delgado responded in writing on June 1, 2015 and June 3, 2015, explaining his version of the facts, and stating that he was shocked that Suburban could appeal as he had been told by an agency representative that the Appeal Tribunal's decision was final.

After considering the parties' submissions, the Board issued its written decision on December 22, 2015, rejecting the Appeal Tribunal's decision. The Board found that the Appeal Tribunal's findings were inaccurate and that it "ignored" other facts. The Board made different fact-findings and concluded that Delgado had voluntarily left his job. It relied upon evidence that Suburban never told Delgado that he was discharged, that "he handed in his keys and removed his personal effects," and "his departure was

punctuated by an obscenity." According to the Board, Suburban's "dissatisfaction with [Delgado's] work [did] not give the claimant good cause to quit." Two days later, the Department issued a demand for a refund of benefits paid to Delgado in the amount of $13,416.00.

In January 2016, Delgado filed an appeal from the Board's final decision with our court. Shortly thereafter, Delgado obtained counsel who immediately contacted the Board to request a copy of Suburban's submission to the Board that the Board did not include when it notified Delgado of the company's appeal. Counsel found the Board's omission to be unfair to Delgado and all similar claimants because "[w]ithout seeing [Suburban's] letter of appeal, any attempt at a response is nothing more than a shot in the dark. A party simply cannot defend their claim without knowing what the [employer] argued."

Counsel's letter prompted an exchange of emails in which the Board advised that "[w]e usually do send out a copy of the appeal letter with the acknowledgment letter," and agreed to do so at counsel's request. When counsel asked for a copy, the Board's representative stated Delgado could "ask the Board to reopen the case." Despite her repeated requests for a copy of the submission, the Board did not provide a copy until February 25, 2016.

On March 2, 2016, Delgado's counsel submitted a request with the Board to reopen and reconsider Delgado's claim. In a supporting brief, counsel argued that the Board, in reaching its final decision, should not have considered the unsigned and anonymous statement submitted with Suburban's appeal. Counsel also pointed out that Suburban's submission did not argue that the Appeal Tribunal committed any errors in its fact-findings or conclusions of law based on the evidence presented at the hearing.

While Delgado's request to reopen the matter was pending, he withdrew his appeal filed with our court. In his letter to the court, Delgado stated that the Board had "agreed to reopen [his] case."

By the middle of September 2016, the Board had not acted upon Delgado's request. As a result, counsel began to make inquiry and was advised that the matter had been closed because Delgado filed an appeal with our court and, contrary to counsel's claim, the Board never agreed to reopen or reconsider his claim. However, after counsel supplied copies of her earlier emails with the Board's representative who stated that Delgado could ask to reopen his claim, and her client's withdrawal of his appeal with our court, the Board issued a letter to counsel on December 6, 2016, advising that it denied Delgado's "request for a reopening of the Order of Dismissal[.]" Counsel requested clarification because

there was never an order of dismissal entered by the Board. A few days later, the Board issued a "corrected" letter stating it had denied Delgado's request to reopen the Board's "decision." This appeal followed.

On appeal, Delgado contends that the Board violated his due process rights, its decision was not supported by the evidence, and to the extent he "left work voluntarily," the Board should have applied the "unemployment doctrine of leaving 'in a huff.'" We find merit to these arguments.

Our review of decisions by administrative agencies is limited, with petitioners carrying a substantial burden of persuasion. In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 218 (1997). An agency's determination must be sustained "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result[.]'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). The burden of proof rests with the employee to

establish a right to collect unemployment benefits. <u>Brady</u>, 152 N.J. at 218.

Applying our deferential standard of review, we are constrained to vacate the Board's determination because it is apparent that Delgado's due process rights were violated when the Board considered new evidence improperly submitted as part of Suburban's appeal without giving Delgado an opportunity to challenge the submission.

At the outset, we acknowledge that the Board is authorized to prescribe rules concerning "[t]he manner in which disputed benefit claims, and appeals from determinations with respect to . . . claims for benefits . . . shall be presented . . . ." N.J.S.A. 43:21-6(f). N.J.A.C. 1:12-14.3 governs appeal hearings before the Board. It states:

> (a)  All appeals to the Board of Review may be heard upon the evidence in the record made before the appeal tribunal, or the Board of Review <u>may direct the taking of additional evidence before it</u>.
>
> (b)  In the hearing of an appeal on the record, the Board of Review may limit the parties to oral argument or the filing of written argument, or both. <u>If, in the discretion of the Board of Review, additional evidence is necessary to enable it to determine the appeal, the parties shall be notified by the Board of Review of the time and place such evidence will be taken.</u>  Any party to any proceeding in which testimony is taken may

present such evidence as may be pertinent to the issue.

(c)  The Board of Review, in its discretion, may remand any claim or any issue involved in a claim to an appeal tribunal for the <u>taking of such additional evidence as the Board of Review may deem necessary.</u>  Such testimony shall be taken by the appeal tribunal in the manner prescribed for the conduct of hearings on appeals before appeal tribunals.  Upon the completion of the taking of evidence by an appeal tribunal pursuant to the direction of the Board of Review, the claim or the issue involved in such claim shall be returned to the Board of Review for its decision upon the entire record, including the evidence before the appeal tribunal and such additional evidence and such oral argument as the Board of Review may permit before it.

(d)  The Board of Review, in its discretion, may remand any claim or any issue involved in a claim to an appeal tribunal for the taking of additional evidence and a decision or may remand for a new decision only.

[Emphasis added.]

The Board's authority is not without limits.  Proceedings before the Board must insure that litigants are afforded due process.  "[S]tate statutes providing for the payment of unemployment compensation benefits create in the claimants for those benefits property interests protected by due process." <u>Rivera v. Bd. of Review</u>, 127 N.J. 578, 584 (1992) (quoting <u>Wilkinson v. Abrams</u>, 627 F.2d 650, 664 (3d Cir. 1980)).  "[A]ny proceeding which is to be accorded finality [requires] notice

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Id. at 583 (alterations in original) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

"[D]ue process requires that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'"  H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003).  "[T]here can be no adequate preparation where the notice does not reasonably apprise the party of the charges, or where the issues litigated at the hearing differ substantially from those outlined in the notice."  H.E.S., 175 N.J. at 322 (alteration in original) (quoting Nicoletta v. N. Jersey Dist. Water Supply Comm'n, 77 N.J. 145, 162 (1978)).  In the context of a possible denial of unemployment benefits, a claimant is entitled to adequate notice and an opportunity to be heard.  Garzon v. Bd. of Review, Dep't of Labor, 370 N.J. Super. 1, 5 (App. Div. 2004).  "[T]he citizen facing a loss at the hands of the State must be given a real chance to present his or her side of the case before a government decision becomes final."  Rivera, 127 N.J. at 583.

Here, the record reflects that Suburban submitted new facts to the Board that they had not introduced before the Appeal Tribunal without apprising Delgado of the submission's contents.

Contrary to the Board's contention on appeal, the fact that Delgado's attorney had an opportunity to address the submission in her brief seeking to reopen the matter did not remedy the problem because Delgado was not "afforded notice and opportunity to be heard <u>and to present evidence relating to such new matters</u>." <u>Charles Headwear, Inc. v. Bd. of Review</u>, 11 N.J. Super. 321, 329 (App. Div. 1951) (emphasis added). The proper remedy would have been for the Board to either reject Suburban's submission as not having been requested by the Board, N.J.A.C. 1:12-14.3, or for the Board to have reopened Delgado's claim, and allowed him an opportunity to be heard. <u>See</u> <u>Rivera</u>, 127 N.J. at 584. Due process requires nothing less.

In its consideration of Delgado's claim anew, the Board should consider all of the evidence properly presented to it or the Appeal Tribunal, as well as both parties' legal arguments based on the evidence, including whether the "leaving in a huff" doctrine applies to this case. <u>See</u> <u>Savastano v. Bd. of Review</u>, 99 N.J. Super. 397, 400 (App. Div. 1968), ("Employees frequently leave work temporarily for some fleeting physical or mental irritation, or 'in a huff' occasioned by one or more of the frustrations attending commercial life, without intending to quit.").

Because our decision compels the reopening of Delgado's claim for consideration anew, we need not address his remaining argument.

11

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION