34 N.J. Super. 222 (1955)
111 A.2d 915
WALTER KASKE, CLAIMANT-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF LABOR AND INDUSTRY, DIVISION OF EMPLOYMENT SECURITY, BOARD OF REVIEW, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1955.
Decided February 25, 1955.
*224 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Christian Bollermann argued the cause for claimant-appellant (Mr. Alfred W. Kiefer, attorney).
Mr. Clarence F. McGovern argued the cause for respondents.
The opinion of the court was delivered by CLAPP, S.J.A.D.
The Board of Review of the Division of Employment Security, reversing an Appeal Tribunal, denied a claim made under N.J.S.A. 43:21-4(f) for disability benefits. The claimant appeals.
The claimant disputes the board's authority to act in the premises, asserting that the proceeding before it was not initiated within time.
N.J.S.A. 43:21-6 provides:
"(c) * * * [An appeal tribunal's decision] shall be deemed to be the final decision of the board of review, unless within ten days after the date of notification or mailing of such decision, further appeal is initiated pursuant to subsection (e) of this section.
(e) The board of review may on its own motion affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it * * *."
Here, the Appeal Tribunal decided in favor of the claimant. One day after the lapse of the ten-day period fixed by subsection (c) above set forth, the Chief of Unemployment Benefits attempted to appeal to the board from that decision. *225 The board found he was late. Nevertheless on its own motion it went on with the appeal, holding the claimant had left his work without good cause, N.J.S.A. 43:21-5(a), and differing with the Appeal Tribunal apparently as to both the law and the facts.
We limit our attention to the circumstances presented, and therefore do not deal with a case of a fraud on the Appeal Tribunal or of a void decision of that Tribunal, or other problems.
Subsection (c) fixes the time within which a further appeal under subsection (e) may be initiated. We think the word "appeal" is so to be construed as to include action taken on the board's "own motion" under subsection (e), looking to an affirmance, modification or setting aside of the Appeal Tribunal's decision. Cf. Charles Headwear, Inc., v. Board of Review, 11 N.J. Super. 321, 326 (App. Div. 1951), holding that the board had jurisdiction with respect to two cases decided by an Appeal Tribunal, and then referring to the board's removal of one case to itself on its own motion "within the statutory ten-day period." (Italics inserted.)
The rules of the Board of Review  promulgated under its authority to prescribe rules as to the "conduct" (that is, the carrying on) of "appeals," N.J.S.A. 43:21-6(f)  put a similar construction on the word "appeal" appearing in subsection (c):
"BR-4.04. The Hearing of Appeals by the Board of Review on Its Own Motion:
(a) Within the legal time limit for appeal following a decision by an appeal tribunal and in the absence of the filing by any of the parties to the decision of the appeal tribunal of a notice of appeal, the Board of Review, on its own motion, may withdraw such decision to itself and may either decide the case on the record below or may order the parties to appear before it for a hearing." (Italics inserted.)
In resolving an ambiguity in a statute affecting the administration of an agency, the interpretation placed on the statute by rules of the agency is entitled to weight for very practical reasons; the agency speaks from an informed judgment *226 as to the motivations of the act and also incidentally as to what is called for administratively for the rendition of justice. Cf. Ford Motor Co. v. New Jersey Dept. of Labor & Industry, 7 N.J. Super. 30, 37 (App. Div. 1950), affirmed 5 N.J. 494 (1950); Cino v. Driscoll, 130 N.J.L. 535, 537, 540 (Sup. Ct. 1943).
The Board of Review does not seem to dispute any of this. Its argument depends rather on that provision of subsection (c) under which, after the lapse of the ten-day period, the Appeal Tribunal's decision is "deemed to be the final decision of the board." The argument appears to be that notwithstanding the board has only ten days to open up an Appeal Tribunal's decision, still under its inherent authority it has a further period to open up the decision after the same becomes a board decision.
We do not question but that the board has the power to open up its own decision arrived at after an appeal to it taken within the ten days. Adolph v. Elastic Stop Nut Corporation of America, 18 N.J. Super. 543 (App. Div. 1952). For, "barring statutory regulation," an administrative agency should have an opportunity to grant relief with respect to its determinations. Handlon v. Town of Belleville, 4 N.J. 99, 106 (1950); Air-Way Branches, Inc., v. Board of Review, 10 N.J. 609, 614 (1952); McFeely v. Board of Pension Com'rs, 1 N.J. 212, 218 (1948); New Jersey Bell Telephone Co. v. Board of Public Utility Com'rs, 12 N.J. 568, 578 (1953).
Here, however, two opportunities for relief are besought. Besides, here there is a "statutory regulation." Under the statute the board is given one period, namely, of ten days, within which to set aside the decision while it is an Appeal Tribunal's decision. In the face of that statutory limitation, we do not think a court should take it upon itself to imply, under the circumstances presented, that the board is to be allowed a further period within which to set aside the same decision merely because it assumes the aspect of a board decision.
*227 Furthermore, this statute is concerned with the relief of emergencies in which claimants have been caught; and it is therefore to be supposed that in accommodation of its very purposes, the administrative machinery of the law has been designed and geared to secure expedition in the determination and payment of claims, including the huge volume of claims on appeal (last year, some 15,000 appeals in the Appeal Tribunals and 5,000 appeals before the board). Johnson v. Commissioner of Unemployment, etc., 20 Wash.2d 730, 149 P.2d 367 (Sup. Ct. 1944). These statutory designs are betokened by the very short periods fixed for appeals within the agency. N.J.S.A. 43:21-6. And they bear on the question at hand.
The board, we conclude, has no authority to act under the circumstances here after the lapse of the ten days.
Reversed, and Appeal Tribunal's decision reinstated.
JAYNE, J.A.D. (concurring).
I reluctantly acquiesce in the manifestly technical and administratively unfortunate result occasioned by this decision, but the literal import of the associated statutory subdivisions (c) and (e) seems to be that the decision of the Appeal Tribunal shall be deemed to be the final decision of the Board of Review unless within ten days after the date of notification or mailing of such decision the Board of Review on its own motion initiates a reconsideration of the decision pursuant to the authority conferred by subdivision (e).