603 A.2d 114

TAMARA VON OUHL, APPELLANT, v. BOARD
OF REVIEW, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1992—Decided February 25, 1992.

148

Before Judges PRESSLER, SKILLMAN and D'ANNUNZIO.[1]

*Charles Bergamo* argued the cause for appellant (*Bergamo & Buonocore*, attorneys; *Charles Bergamo*, on the brief).

*John C. Turi*, Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo*, Attorney General, attorney; *Lewis A. Scheindlin*, Deputy Attorney General, of counsel; *John C. Turi*, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Appellant held two part time jobs, one as an animal holder for the Bergenfield Animal Clinic and the other as a substitute teacher for the Fairview Board of Education. On July 2, 1990, the Bergenfield Animal Hospital terminated her employment. As a result, appellant applied for and began receiving unemployment compensation benefits.

On September 11, 1990, a Deputy Director of the Division of Unemployment and Disability Insurance sent appellant three separate determinations. One notified her that she was ineligible for benefits from July 29, 1990 to August 4, 1990, because she had failed to report to the local unemployment compensation office on August 3, 1990. The second stated that she was ineligible for benefits commencing July 15, 1990 because she was an employee of an educational institution who was claiming benefits for a period between academic years even though she had reasonable assurance of performing services the following year. The third stated that appellant was disqualified for benefits commencing July 1, 1990, because she had quit her job voluntarily without good cause attributable to the work.

---

[1] Judge D'Annunzio did not participate in oral argument. However, the parties consented to his participation in the decision subsequent to argument.

Appellant filed appeals to the Appeal Tribunal from all three determinations. The Appeal Tribunal concluded in a written decision issued on October 15, 1990 that appellant did not voluntarily leave her work without good cause and thus was not disqualified from receiving benefits pursuant to *N.J.S.A.* 43:21–5(a). However, it also concluded that appellant had a reasonable assurance of recall in her position with the Fairview Board of Education in the next academic year and thus was ineligible for benefits from July 15, 1990 through September 1, 1990. The Appeal Tribunal therefore found it unnecessary to decide whether appellant was ineligible for benefits from July 29, 1990 to August 4, 1990, due to her failure to report on August 3, 1990.

Appellant filed a timely appeal to the Board of Review limited to the Appeal Tribunal's determination that she was ineligible for benefits from July 15, 1990 to September 1, 1990. Her letter initiating the appeal stated:

I am appealing determination of the finding against me from July 15, 1990 to Sept. 1, 1990. R.S. 43:21–4(g)(1).

I am only on a list for calling in; not employed nor contracted with an education institution. I also did not have a reasonable assurance I would be put back on the same list. Due to the nature of the work, being a substitute it is never assured there will be work.

It is October 24 and as yet I have not been called in to work, as an example of the inconsistency.

The Bergenfield Animal Hospital failed to appeal from the Appeal Tribunal's determination that appellant did not voluntarily quit and thus was not disqualified pursuant to *N.J.S.A.* 43:21–5(a). Furthermore, the Board of Review did not undertake to review this decision on its own motion within the ten day period allowed by *N.J.S.A.* 43:21–6(c).

Notwithstanding the limited scope of appellant's appeal, the Board reviewed the Appeal Tribunal's determination that she had not voluntarily quit her job and reversed that determination. Accordingly, the Board decided that appellant was liable for a refund of all the benefits she had received.

Appellant filed a request for reconsideration which argued, among other things, that her appeal had been limited to the Appeal Tribunal's determination that she was ineligible for benefits from July 15, 1990 to September 1, 1990 and that she "obviously" had not intended to seek the Board's review of the part of the Appeal Tribunal's determination which was in her favor. The Board denied appellant's request for reconsideration without opinion.

 *N.J.S.A.* 43:21–6(c) provides that a decision of an Appeal Tribunal "shall be deemed to be the final decision of the board of review, unless within 10 days after the date of notification or mailing of such decision, further appeal is initiated pursuant to subsection (e) of this section." *N.J.S.A.* 43:21–6(e) authorizes appeals to the Board of Review by interested parties and further provides that the Board "may on its own motion affirm, modify or set aside any decision of an appeal tribunal." These statutory provisions are implemented by *N.J.A.C.* 12:20–4.3(a), which provides that "[n]otice of appeal shall be filed within ten calendar days after the date of notification or mailing of the decision which is being appealed" and *N.J.A.C.* 12:20–4.5(a), which provides that "[w]ithin the legal time limit for appeal following a decision by an appeal tribunal and in the absence of the filing by any of the parties to the decision of the appeal tribunal of a notice of appeal, the Board of Review, on its own motion, may withdraw such decision to itself." When the Board of Review decides to review a decision of an Appeal Tribunal, it must act within the ten day period provided by *N.J.S.A.* 43:21–6(c). *Kaske v. State of N.J., Bd. of Review,* 34 *N.J.Super.* 222, 225–26, 111 *A.*2d 915 (App.Div. 1955). If a review of an Appeal Tribunal's decision is not initiated by either an interested party or the Board of Review within the ten day period, the decision becomes "final" and is not subject to review except upon a showing of fraud or other fundamental defect in the proceedings. *Ibid.*

■ The proceedings before the Division of Employment Security were initiated by a Deputy Director issuing three separate determinations, one finding that appellant was totally disqualified from receiving benefits because she had quit her job and the other two finding that she was ineligible for limited periods of time based on circumstances unrelated to the termination of her employment. Thus, each of the deputy's determinations was based on different operative factors and had different potential consequences. Furthermore, appellant was required to appeal each determination to the Appeal Tribunal within ten days after mailing of the determination, or else that determination would become final. *N.J.S.A.* 43:21–6(b)(1); *see Lowden v. Board of Review,* 78 *N.J.Super.* 467, 189 *A.*2d 224 (App.Div.1963). Therefore, while the Appeal Tribunal elected to address appellant's appeals through a single decision, the three determinations of the Deputy Director retained their separate character through the review proceedings within the Division of Employment Security. Nevertheless, the Board of Review took the position that appellant's appeal from the Appeal Tribunal's decision declaring her ineligible for benefits for a six week period exposed all the Appeal Tribunal's decisions relating to her claim to further review, which resulted in the Board's decision holding appellant disqualified from receiving any benefits. We disagree and therefore reverse.

There is nothing in the enabling legislation governing the Board of Review or its implementing regulations which indicates that an appeal of one part of an Appeal Tribunal's decision automatically subjects every other part of the decision to the Board's review. Furthermore, nothing in the Appeal Tribunal's opinion or the document transmitting the opinion to appellant warned her that an appeal by her from one part of the decision could trigger the Board's review of other parts.[2] Con-

---

[2]After appellant filed her notice of appeal, the agency prepared a document which stated, among other things, that "[a] hearing will be scheduled which will cover the determination appealed, and may include any other matters

sequently, we conclude that appellant's appeal to the Board of Review from the Appeal Tribunal's affirmance of one determination of the Deputy Director did not confer jurisdiction upon the Board to review the Appeal Tribunal's reversal of another determination.

This case is distinguishable from *Charles Headwear, Inc. v. Board of Review,* 11 *N.J.Super.* 321, 78 *A.*2d 306 (App.Div. 1951), in which an Appeal Tribunal found the claimant ineligible for benefits during two separate periods of time and the Board of Review reviewed both determinations even though the claimant's notice of appeal challenged only one. In *Charles Headwear* the merits of both determinations were fully litigated in an evidentiary hearing before the Board of Review without objection by the employer. Consequently, the Board could have considered the employee's notice of appeal amended accordingly. *Cf. Hopkins v. Board of Review,* 249 *N.J.Super.* 84, 89–90, 591 *A.*2d 1371 (App.Div.1991). In contrast, the first notice appellant received that the Board was reviewing the part of the Appeal Tribunal's decision which was favorable to her was when she received the Board's final decision, whereupon she promptly objected by means of a motion for reconsideration. Finally, although we have no quarrel with the result in *Charles Headwear,* we disagree with the part of the opinion which indicates that an appeal to the Board of Review from any part of an Appeal Tribunal's decision confers jurisdiction upon the Board to review any other part. 11 *N.J.Super.* at 328, 78 *A.*2d 306; *compare Ludwigsen v. New Jersey,* 12 *N.J.* 64, 70, 95 *A.*2d 707 (1953) (holding that the Board may determine a claimant's eligibility on a different basis than the one mentioned in an employer's notice of appeal).

---

affecting the claimant's rights to benefits up to the time of the hearing." The record does not indicate whether the document was served upon appellant. In any event, such a document could not be relied upon by the agency to act beyond the parameters of its statutory authority under *N.J.S.A.* 43:21–6(c) and (e).

Accordingly, we reverse the final decision of the Board of Review holding appellant disqualified for benefits under *N.J.S.A.* 43:21-5(a). Since the Board did not pass upon appellant's eligibility for benefits under *N.J.S.A.* 43:21-4(g) for the period from July 15, 1990 through September 1, 1990, we remand the matter to the Board to make this determination.