693 A.2d 155

SHELDON F. HEULITT, APPELLANT, v. BOARD OF REVIEW,
DEPARTMENT OF LABOR, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 23, 1997—Decided May 6, 1997.

408

Before Judges BAIME and BRAITHWAITE.

Appellant submitted a pro se brief.

*Peter Verniero*, Attorney General, attorney for respondent (*Joseph L. Yannotti*, Assistant Attorney General, of counsel; *Michael S. Bokar*, Senior Deputy Attorney General, on the brief).

BAIME, J.A.D.

This is an appeal from the denial of appellant's claim for unemployment benefits and from a decision requiring him to refund amounts he was paid during the period of his disqualification. We affirm both determinations. Although additional issues are raised, the principal question presented is whether the Board of Review has jurisdiction to deny unemployment benefits to a claimant on a ground other than that found by the Appeal Tribunal where the employer has not participated in the administrative proceedings and no cross-appeal has been filed. We hold that the Board has complete review powers once a claimant appeals and may deny benefits on a statutory basis other than that relied upon by the Appeal Tribunal.

I.

On March 18, 1995, appellant commenced his employment as a multi-dwelling housing inspector with the Department of Community Affairs. The letter informing appellant that his application for employment had been accepted by the Department stated that he would be required to use his own automobile and would be reimbursed at the rate of twenty-five cents per mile. However, appellant was told immediately upon his hiring that he would be provided with a state car. A brochure was issued to all newly employed inspectors indicating that their working hours were between 9:00 a.m. and 5:00 p.m. with a one hour lunch period. Inspectors whose commute exceeded one hour could request that their first assignment begin at 9:30 a.m. or that their last assignment conclude at 4:30 p.m. Regulations provided that

inspectors be given compensatory time off for overtime not exceeding five hours per week. *N.J.A.C.* 4A:3–5.3(a)(2), (c)(2), and (d)(2). Inspectors working beyond forty hours per week were entitled to "cash payment" or "compensatory time-off" at a rate of one and one-half times the hourly pay. *N.J.A.C.* 4A:3–5.5(a)(1), (b)(2), (3). The regulations further provided that appointing authorities were required to conduct a "continuous and periodic review" of employee overtime practices toward the end of assuring completion of the work "during regular work time." *N.J.A.C.* 4A:3–5.9(a)(3). Written authorization for overtime hours had to be obtained by an employee from his employer in advance of the work, or, if this was not possible, immediately thereafter. *N.J.A.C.* 4A:3–5.9(a)(1).

Appellant resigned from his position shortly after completing his training period, complaining that (1) he did not want to use a state car, (2) he wished to begin work before 9:00 a.m. and conclude his workday before 5:00 p.m., and (3) he was denied overtime pay for work performed after normal working hours. A claims officer denied appellant's application for unemployment benefits on the ground that appellant resigned voluntarily without good cause attributable to the work. *N.J.S.A.* 43:21–5(a). Appellant appealed. The Appeal Tribunal reversed the decision of the claims officer, but found that appellant was disqualified because he failed to apply for "available, suitable work" following his resignation. *N.J.S.A.* 43:21–5(c). The effect of the Appeal Tribunal's decision was to substantially reduce the period of appellant's disqualification. Appellant nevertheless appealed to the Board of Review. The Board reversed the decision of the Appeal Tribunal and reinstated the finding of the claims officer that appellant quit work voluntarily without good cause attributable to the work. The Board subsequently ordered appellant to refund the benefits he had improperly received.

## II.

Preliminarily, we conclude that the Board had jurisdiction to reinstate the claims officer's decision disqualifying appellant under

*N.J.S.A.* 43:21–5(a) notwithstanding the fact that appellant's appeal was from the Appeal Tribunal's determination disqualifying him under *N.J.S.A.* 43:21–5(c). Specifically, we hold that the Board's jurisdiction was complete and that it had the power to review the Appeal Tribunal's decision in all of its aspects.

*N.J.S.A.* 43:21–6(c) provides that a decision of an Appeal Tribunal "shall be deemed to be the final decision" unless within ten days a further appeal is initiated. *N.J.S.A.* 43:21–6(e) authorizes appeals to the Board of Review by interested parties and further provides that the Board "may on its own motion affirm, modify, or set aside any decision of an [A]ppeal [T]ribunal." The statute does not limit the scope of the review, nor does it expressly or impliedly authorize a partial appeal or the appeal from only part of the decision of an Appeal Tribunal. As we said in *Charles Headwear, Inc. v. Board of Review,* 11 *N.J.Super.* 321, 78 *A.*2d 306 (App.Div.1951), "[t]he appeal removes the claim in its entirety" and confers upon the Board complete review powers. *Id.* at 328, 78 *A.*2d 306. "Any other holding would be inconsistent with the statutory scheme for the disposition of disputed benefit claims." *Ibid.*

If we were to conclude that the Board erred in reviewing the Appeal Tribunal's holding under *N.J.S.A.* 43:21–5(c)—a holding which was patently wrong—the result would be to grant appellant, and others similarly situated, a windfall. The Board's duty is to "preserve the [unemployment compensation] fund for the payment of benefits to [eligible] individuals and to protect it against the claims of others who would prefer benefits to suitable jobs." *Krauss v. A. & M. Karagheusian, Inc.,* 13 *N.J.* 447, 455, 100 *A.*2d 277 (1953). The basic policy of the law is advanced when benefits are rightly denied in improper cases as well as when they are rightly granted in proper cases. *Id.* at 455–56, 100 *A.*2d 277. Constriction of the Board's review powers would contravene this important public policy with no visible compensating gain.

We note that the only other party with a pecuniary interest in the outcome of the case is the employer. Our experience indicates

that employers rarely participate in unemployment compensation cases, particularly at the Appeal Tribunal stage of the administrative proceedings. We, therefore, cannot rely on cross-appeal procedures to protect the unemployment fund from improper invasion. A decision barring the Board from reviewing the entirety of the Appeal Tribunal's decision would thus foreclose any administrative opportunity to correct erroneous findings in the claimant's favor.

We do not read *Von Ouhl v. Board of Review*, 254 *N.J.Super.* 147, 603 *A.*2d 114 (App.Div.), *certif. denied*, 130 *N.J.* 10, 611 *A.*2d 649 (1992) as inconsistent with our conclusion. There, the appellant's notice of appeal to the Board from the Appeal Tribunal's decision specifically referred to only one of several issues that had been determined. *Id.* at 150, 603 *A.*2d 114. Another panel of this court concluded that the Board's jurisdiction was limited to the single issue designated in the claimant's notice of appeal. *Id.* at 153, 603 *A.*2d 114. We need not offer our opinion respecting whether *Von Ouhl* was correctly decided. We merely note that, in contrast to *Von Ouhl*, the notice of appeal to the Board in this case was in no way limited. Appellant could not reasonably have expected that the Board would limit its inquiry to one narrow question and ignore the overriding issue in the case— his eligibility to obtain benefits. To the extent that *Von Ouhl* can be construed more broadly, as barring the Board from reviewing all of the issues decided by the Appeal Tribunal, we disagree with that decision. Just as the Board may determine a claimant's eligibility on a basis different than that found by the Appeal Tribunal, *see Ludwigsen v. New Jersey Dept. of Labor & Indus.*, 12 *N.J.* 64, 70, 95 *A.*2d 707 (1953), so may it find a claimant ineligible on a basis different from that found by the Appeal Tribunal, *Charles Headwear, Inc. v. Board of Review*, 11 *N.J.Super.* at 328, 78 *A.*2d 306.

## III.

The Board correctly concluded that appellant "left work voluntarily without good cause attributable to such work."

*N.J.S.A.* 43:21–5(a). A claimant has the "responsibility to do whatever is necessary and reasonable in order to remain employed." *Zielenski v. Board of Review,* 85 *N.J.Super.* 46, 53–54, 203 *A.*2d 635 (App.Div.1964). A claimant who quits "has the burden of proving that he did so with good cause attributable to the work." *Id.* at 52, 203 *A.*2d 635. Good cause means "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed," and the reasons for terminating employment "must meet the test of ordinary common sense and prudence." *Ibid.* "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." *Id.* at 54, 203 *A.*2d 635.

■ Applying these principles, we are in complete accord with the Board's decision denying appellant's claim. At the commencement of his employment, appellant was told that he would be assigned a state car in the near future and that his personal automobile was to be used only when the state car was out of service. Appellant's dissatisfaction with this clearly expressed policy did not constitute good cause for resigning from his position.

■ Similarly, appellant was apprised at the outset of his employment of the expected working hours. Although the Department permitted some deviation from the standard working hours, appellant could not reasonably have expected to be able to choose when he wished to work and when he did not. Appellant's dissatisfaction with the Division's policy did not constitute good cause for terminating his employment.

■ Finally, the record discloses that appellant never followed the procedures prescribed in the regulations for seeking compensation for overtime. Appellant failed to seek or obtain approval for overtime work. Beyond this, he did not present evidence at the administrative hearing indicating that he worked more than forty hours in any week.

We thus find substantial credible evidence in the record supporting the Board's conclusion that appellant left his employment voluntarily without good cause attributable to the work. *Mayflower Securities Co., Inc. v. Bureau of Securities in Division of Consumer Affairs of Department of Law and Public Safety*, 64 *N.J.* 85, 92–93, 312 *A.*2d 497 (1973). The findings made could reasonably have been reached on "sufficient credible evidence present in the record." *State v. Johnson*, 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964).

Accordingly, the decisions of the Board of Review are affirmed.