NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5413-15T2
JASON S. OLESEN,

 Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, and SOMERSET TIRE
SERVICE, INC.,

 Respondents.
____________________________

 Submitted August 22, 2017 – Decided August 31, 2017

 Before Judges Manahan and Gilson.

 On appeal from the Board of Review, Department
 of Labor and Workforce Development, Docket No.
 077,597.

 Jason S. Olesen, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Elizabeth A. Davies, Deputy Attorney General,
 of counsel and on the brief).

 Respondent Somerset Tire Service, Inc. has not
 filed a brief.

PER CURIAM

 Jason S. Olesen appeals from a May 12, 2016 final agency

decision by the Board of Review (Board), which found that he was
disqualified from receiving unemployment compensation benefits

under N.J.S.A. 43:21-5(a) because he left his job voluntarily

without good cause attributable to the work. We affirm.

 Olesen worked as a branch manager for Somerset Tire Service,

Inc. (employer) from August 2012, until November 9, 2015. In June

2015, Olesen injured his shoulder at work. He underwent surgery,

received workers' compensation, and returned to work in September

2015.

 When he returned to work, Olesen's doctor advised that

Olesen's duties should be restricted and that he should not lift

or carry objects over a certain weight and he should avoid lifting

above shoulder level. His employer was informed of these

restrictions and agreed that Olesen could perform his duties as a

branch manager with the medical restrictions.

 Despite his employer's agreement, Olesen felt he had to

perform activities that violated his medical restrictions because

he believed his branch was understaffed. Olesen testified that

his employer never asked him to perform duties that violated his

medical restrictions. Nevertheless, Olesen went on to testify

that to be a successful branch manager, certain jobs needed to be

done and because the branch was understaffed, he felt he had to

perform activities that exceeded his medical restrictions.

 2 A-5413-15T2
 Olesen had several communications with his supervisors and

his employer's human resource personnel during which he requested

additional staff for his branch. The employer responded that

Olesen could perform his duties as branch manager with his medical

restrictions and they would try to get him more staff. Olesen

testified, however, that the branch remained understaffed.

 On November 2, 2015, Olesen submitted his resignation with

an effective date of November 16, 2015. His employer informed him

that his services were no longer needed and he was being terminated

as of November 9, 2015.

 On November 8, 2015, Olesen applied for unemployment

benefits. The deputy director of the Division of Unemployment

Insurance informed Olesen that he was disqualified from receiving

benefits. Olesen appealed that decision and the Appeal Tribunal

(Tribunal) conducted a hearing on January 15, 2016. Both Olesen

and his employer presented testimony at the hearing.

 On January 15, 2016, the Tribunal affirmed the deputy's

determination, holding Olesen disqualified for unemployment

benefits because he left his employment voluntarily without good

cause attributable to such work under N.J.S.A. 43:21-5(a). The

Tribunal found that on two separate occasions Olesen's employer

detailed the job duties Olesen was expected to perform and that

those job duties could be performed within his medical

 3 A-5413-15T2
restrictions. The Tribunal also noted that as a manager, Olesen

could delegate work, but he chose to perform work that exceeded

his medical restrictions. Consequently, the Tribunal rejected

Olesen's contention that his employer did not accommodate his

medical restrictions.

 Olesen administratively appealed, and on May 12, 2016, the

Board affirmed the Tribunal's decision based on the record

established at the Tribunal.

 Olesen now appeals from the Board's final agency decision.

He argues that he is entitled to unemployment benefits because his

employer failed to adequately staff his branch and, thus, he had

to perform duties that required him to go beyond his medical

restrictions. Olesen also argues that the Board's decision was

arbitrary, "careless" and unreasonable.

 The scope of our review on an appeal from a final

determination of an administrative agency is limited. The agency's

decision should not be disturbed unless shown to be arbitrary,

capricious, or unreasonable. Brady v. Bd. of Review, 152 N.J.

197, 210 (1997) (citing In re Warren, 117 N.J. 295, 296 (1989)).

We "can intervene only in those rare circumstances in which an

agency action is clearly inconsistent with its statutory mission

or with other State policy." Ibid. (quoting George Harms Constr.

Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)). Furthermore,

 4 A-5413-15T2
"[i]n reviewing the factual findings made in an unemployment

compensation proceeding, the test is not whether an appellate

court would come to the same conclusion if the original

determination was its to make, but rather whether the factfinder

could reasonably so conclude upon the proofs." Ibid. (alteration

in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super.

74, 79 (App. Div. 1985)).

 Here, the Board found that Olesen was disqualified from

unemployment compensation benefits under N.J.S.A. 43:21-5(a),

which provides that an individual may not receive benefits if he

or she "left work voluntarily without good cause attributable to

such work[.]" Although the statute does not define the term "good

cause," that phrase has been construed to mean a "cause sufficient

to justify an employee's voluntarily leaving the ranks of the

employed and joining the ranks of the unemployed." Domenico v.

Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting

Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)).

 The test for determining whether an employee's decision to

leave work constitutes "good cause" is one of "ordinary common

sense and prudence." Brady, supra, 152 N.J. at 214 (quoting

Zielenski v. Bd. of Review, 85 N.J. Super. 46, 52 (App. Div.

1964)). The employee's decision to quit "must be compelled by

real, substantial and reasonable circumstances not imaginary,

 5 A-5413-15T2
trifling and whimsical ones." Ibid. (quoting Domenico, supra,

192 N.J. Super. at 288). "A claimant has the 'responsibility to

do whatever is necessary and reasonable in order to remain

employed.'" Ibid. (quoting Heulitt v. Bd. of Review, 300 N.J.

Super. 407, 414 (App. Div. 1997)).

 Olesen contends that when he returned to work from a work-

related injury, his medical restrictions were not accommodated.

The Board, however, relying on the fact findings made by the

Tribunal, found that substantial evidence established that the

employer accepted Olesen's medical limitations and never required

him to do work beyond his medical limitations. Instead, Olesen

voluntarily chose to perform work outside his medical restrictions

because of his perceived needs of the branch. The Board,

therefore, rejected Olesen's contention that his medical

restrictions were not accommodated. Those findings are adequately

supported by substantial credible evidence in the record and we

discern no basis for disturbing the Board's determination.

 Olesen also argues that the Board failed to consider issues

outside his medical restrictions in considering his eligibility

for benefits. We discern no abuse of discretion in the Board's

decision not to consider the staffing issues separate from Olesen's

medical restrictions.

 Affirmed.

 6 A-5413-15T2