**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3755-16T4

FRANSCISCA RAMIREZ,

    Claimant-Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and EXECUTIVE HOME
CARE, LLC,

    Respondents-Respondents.

_____

Argued April 18, 2018 — Decided June 29, 2018

Before Judges Koblitz, Manahan and Suter.

On appeal from the Board of Review, Department
of Labor, Docket No. 098,067.

Julie Salwen (Harrision, Harrision &
Associates, LTD) argued the cause for
appellant; Francisca Ramirez, appellant pro
se, on the brief).

Marolhin D. Mendez, Deputy Attorney General,
argued the cause for respondent Board of
Review (Gurbir S. Grewal, Attorney General,
attorney; Melissa Dutton Schaffer, Assistant
Attorney General, of counsel; Peter H.
Jenkins, Deputy Attorney General, on the
brief).

Respondent Executive Home Care, LLC, has not
filed a brief.

PER CURIAM

Claimant Francisca Ramirez appeals from December 12, 2014 and March 20, 2017 Board of Review (Board) decisions dismissing her appeal. A June 14, 2016 determination found that she was ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(c), and liable to repay $4500 under N.J.S.A. 43:21-16(d). The Board dismissed the appeal for lateness pursuant to N.J.S.A. 43:21-6(b)(1). After a review of the contentions advanced on appeal in light of the record before us and the applicable principles of law, we reverse.

Three issues concern us in this matter. First, we are concerned about claimant's inability to fully understand the June 14, 2016 determination sent to her, based on her limited English proficiency (LEP). Second, we are concerned about the delay of claimant's appeal caused by issues within New Jersey Legal Services beyond claimant's control. Third, we note the irony of holding claimant to a strict jurisdictional time period to appeal, while perhaps allowing the employer an extended period of time to object.

The few facts developed at the hearing regarding the substance of claimant's entitlement to benefits reflect the following. Claimant's employer, Executive Home Care, LLC (EHC), chose not to participate in the hearing. Claimant was employed by EHC as a Certified Nursing Assistant (CNA) from 2012 through November 2015.

Claimant testified that her car was in an accident and not repaired for about a week and a half. She missed two days of work, but informed her employer that she could take public transportation, or her brother would drive her to work. Nonetheless, she was replaced with another staff member assigned to attend to claimant's sole client. She then repeatedly asked for work at another site accessible by public transportation, but work was not available. The company assisted other CNAs by providing transportation, but not claimant. She also sought work elsewhere unsuccessfully. She reopened a claim on December 20, 2015 and received benefits from December 26, 2015 through May 7, 2016.

Claimant was deemed ineligible for benefits because she was unavailable for work in that she "refused work offered from [EHC] on Saturdays, Sundays and multiple other occasions." Both the claimant and employer have seven days from receipt of the notice of eligibility and ten days from the mailing of the notice to object. N.J.S.A. 43:21-6(b)(1); N.J.A.C. 12:17-3.3(a).

Administrative regulation, N.J.A.C. 12:20-4.1(h), discusses "good cause" delays:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:

A-3755-16T4

1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or

2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

Claimant does not dispute that her appeal was untimely. She argues that she had good cause due to her LEP and delay by her attorney beyond her control.

I.

The June 14, 2016 ineligibility notice was written in English, with two sentences in Spanish that, translated into English, state: "This determination affects your eligibility for benefits and describes your rights of appeal. If you don't know how to read English, please find someone who can translate it for you immediately." 29 CFR 38.9(e), effective Jan. 3, 2017, six months after the notice was sent, requires that if a notice is not translated into Spanish, the recipient must be notified about "interpretation and translation services" that "are available free of charge."

Claimant was born in the Dominican Republic, came to the United States before her seventeenth birthday, and stated she is not completely proficient in English, although she reads and speaks

some English.  She is a CNA and a certified phlebotomist.[1]  A telephonic interpreter assisted at the hearing.[2]

The Appeal Tribunal concluded that claimant was proficient in English because she answered some questions before the interpreter had a chance to interpret them, and because she had obtained post-high school certification.  29 CFR 38.4(hh) defines an LEP individual as a person "whose primary language for communication is not English and who has a limited ability to read, speak, write, and/or understand English.  LEP individuals may be competent in English for certain types of communication (e.g., speaking or understanding), but still be LEP for other purposes (e.g., reading or writing)."  The record does not contain the requirements to become a CNA or a certified phlebotomist, so we cannot determine if written English proficiency is required. If the agency followed the requirements of the federal regulations regarding notices for LEP individuals, a method to determine English proficiency would be required, whether by "self or needs-assessment."  29 C.F.R. § 38.9 (2017), Appendix.

---

[1]  The transcript repeatedly says the claimant was certified in "lobotomy," but we assume that the word actually used was "phlebotomy."

[2]  The September transcript is peppered by "(inaudible)" and, when claimant speaks, "(Speaking Spanish)."  The absence of a complete record necessitated a second hearing on January 5, 2017.  That transcript had fewer instances of "(inaudible)."

The Board on appeal acknowledged the holding in <u>Alicea v. Bd. of Review</u>, 432 N.J. Super. 347, 353 (App. Div. 2013) that a determination in English was inadequate notice for an individual who spoke and wrote only Spanish, resided in a rural part of Puerto Rico, and was poorly educated. In <u>Rivera v. Bd. of Review</u>, 127 N.J. 578, 587-89 (1992), the Supreme Court established a "good cause" exception to the twenty-day period for filing appeals under N.J.S.A. 43:21-6(c), based in part on the claimant's inability to read English.

## II.

According to her testimony, claimant received the disqualification notice four or five days after it was sent. She immediately began making telephone calls seeking legal assistance. A week to week-and-a-half later, claimant sought legal assistance by way of an online application to Legal Services of New Jersey. Legal Services responded quickly, but was unusually delayed in affording legal advice due to administrative difficulties and a large workload, as well as a serious family issue of one of the two attorneys handling unemployment appeals statewide. Counsel filed an appeal on August 30, 2016, the date of claimant's initial appointment with counsel.

Two hearings were held because the Board remanded the matter to the Appeal Examiner for a new hearing due to the inability of the transcriber to hear the first hearing clearly. The limited transcript available does reveal that at the beginning of the first hearing, on September 27, 2016, claimant's attorney objected to the proceedings because it appeared that the employer had objected too late to claimant receiving unemployment compensation benefits. At the beginning of the second, January 5, 2017 hearing, counsel again objected to the seemingly late objection by the employer. The Appeals Examiner stated: "Your objection is noted for the record sir. But I don't have jurisdiction over whether the [e]mployer filed a late protest to the [] Division."

Legal Services, on behalf of claimant, later sought to reopen the hearing based on the employer's presumed late objection. The Board denied the request in a two-sentence letter that does not reveal the timeliness of the employer's objection. On appeal, claimant raised this issue, which the Board did not respond to in its brief. At oral argument,[3] the Board attempted to bring to our attention facts from documents not included in the Statement of Items Comprising the Record on Appeal, filed pursuant to Rule 2:5-

---

[3]  Oral argument was scheduled at our request.

4(b). We are thus unable to determine the timeliness of the employer's objection.

N.J.S.A. 43:21-6(b)(1) provides, in pertinent part:

> Unless the claimant or any interested party, within seven calendar days after delivery of notification of an initial determination or within 10 calendar days after such notification was mailed to his or her last-known address . . . files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith, except for such determinations as may be altered in benefit amounts or duration as provided in this paragraph.

New Jersey courts have consistently held that the limitation period proscribed by this statute is of jurisdictional import and "hence not generally subject to either equitable tolling or enlargement under the so-called discovery rule." Hopkins v. Bd. of Review, 249 N.J. Super. 84, 88-89 (App. Div. 1991); see also Lowden v. Bd. of Review, 78 N.J. Super. 467, 470 (App. Div. 1963) (explaining that the Unemployment Compensation Law, N.J.S.A. 43:21-1 to -24.30, is social legislation "which should be construed by the courts to give effect to its beneficent purposes," but does not authorize courts to extend time limitations intended by the Legislature to be fixed as an absolute deadline in the statute). The strict enforcement of the time period has been softened by the "good cause" exception discussed above.

While the Board certainly has a duty to protect the integrity of the unemployment compensation fund from the payment of ineligible claims, Heulitt v. Bd. of Review, 300 N.J. Super. 407, 412 (App. Div. 1997), the Unemployment Compensation Law is nevertheless remedial legislation entitled to a liberal construction, Carpet Remnant Warehouse, Inc. v. N.J. Dep't of Labor, 125 N.J. 567, 581 (1991). Applicants such as claimant, who also contribute to the fund, are entitled to be treated fairly by the Board.

Our review of administrative agency decisions is limited. A reviewing court will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citation omitted). Likewise, judicial review of an agency's factual determination is highly deferential. In re Bridgewater, 95 N.J. 235, 245 (1984). "If substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's even though the court might have reached a different result." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992) (citations omitted).

Claimant had good cause under these circumstances to file a late appeal, based on her LEP and attorney-caused delay. The Board's decision to the contrary was arbitrary and not supported

A-3755-16T4

by credible evidence. We also reverse the Board's decision for lack of proofs presented to support its conclusion that the employer filed a timely appeal as required under the statute. If the employer was late in filing an objection without good cause, claimant must prevail. Alternatively, if EHC objected timely, claimant is entitled to a determination on the merits.

Reversed and remanded to the agency for a new determination consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                          A-3755-16T4