**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3052-17T4

KAREN E. LOCKER,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, and
SOUTH JERSEY BEHAVIORAL
HEALTH RESOURCES, INC.,

     Respondents.

_____

Submitted October 16, 2019 – Decided November 25, 2019

Before Judges Fisher and Gilson.

On appeal from the Board of Review, Department of Labor, Docket No. 137,633.

Karen E. Locker, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

Obermayer Rebmann Maxwell & Hippel LLP, attorneys for respondent South Jersey Behavioral Health Resources, Inc. (Charles L. Shute, Jr., on the brief).

PER CURIAM

Karen Locker appeals from a final agency decision by the Board of Review (Board), which found that she was not eligible for unemployment benefits because she left work voluntarily without good cause attributable to work. N.J.S.A. 43:21-5(a). We affirm.

Locker was employed by South Jersey Behavioral Health Resources, Inc. (the Employer) as a community support coordinator. She worked for the Employer for approximately nine months, from February 2017 until early October 2017. On October 6, 2017, Locker resigned from work.

Shortly thereafter Locker filed for unemployment benefits, claiming she had been subject to a hostile work environment. She was initially found eligible for benefits, but her Employer appealed, contending that Locker had voluntarily resigned without giving notice. A telephonic hearing was conducted before the Appellate Tribunal (Tribunal), and Locker and the human resources manager of the Employer testified.

Locker testified that throughout her employment, her immediate supervisor acted inappropriately and unprofessionally towards her. She first

complained of that conduct to her Employer on September 15, 2017. On that day, Locker had met with her supervisor and during that meeting the supervisor had repeatedly screamed at Locker and acted in an intimidating manner towards her. Immediately following the meeting, Locker filed a grievance with her Employer.

That same day, a representative of human resources and the Employer's chief executive officer met with Locker and the supervisor. Locker was informed that her supervisor had been told that her behavior was unacceptable and she was not to retaliate against Locker.

Locker went on to testify that following the September 15, 2017 meeting, the supervisor engaged in "passive aggressive" behavior towards her by telling other employees not to share information with her. The supervisor also assigned Locker more work than she could do and, when Locker questioned her ability to complete all the work, the supervisor told Locker to engage in "unethical" conduct.

After the September 15, 2017 meeting Locker did not notify her Employer of the supervisor's behavior until she submitted her resignation on October 6, 2017. On that date, Locker met with the manager of human resources and

3

informed her she was resigning effective immediately. The manager asked Locker to confirm her resignation in writing, which Locker did.

The manager of human resources confirmed that the first time Locker complained about her supervisor's conduct was on September 15, 2017. The manager also testified that Locker next complained on the day that she resigned and, therefore, the Employer had no opportunity to address the situation. Finally, the manager testified that when Locker resigned she was not being asked to leave work and, if she had chosen, she could have stayed and continued to work for the Employer.

Based on that testimony, the Tribunal found that Locker had filed a grievance on September 15, 2017, and that was the first time that Locker complained of her supervisor's conduct. The Tribunal also found that after September 15, 2017, Locker did not notify the employer of any further incidents with her supervisor until she resigned on October 6, 2017. Accordingly, the Tribunal found that Locker did not give the Employer an opportunity to eliminate or address any alleged inappropriate conduct that occurred after September 15, 2017. Based on those findings, the Tribunal concluded that Locker had left work voluntarily without good cause attributable to the work.

A-3052-17T4

Therefore, the Tribunal reversed the initial decision granting Locker unemployment benefits.

Locker administratively appealed, but the Board affirmed the Tribunal's decision. In its written decision, the Board found that Locker had initially "discussed her dissatisfaction with her supervisor's demeanor with [h]uman [r]esources," but "there is no evidence that the conditions were so severe as to give [Locker] good cause for quitting work."

Locker now appeals to us and contends that no reasonable person could have tolerated the conduct of the supervisor and, therefore, she left work with good cause attributable to her work. Given our limited scope of review, we discern no basis to reverse the decision of the Board.

An agency's decision should not be disturbed on appeal unless it is shown to be arbitrary, capricious, or unreasonable. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing In re Warren, 117 N.J. 295, 296 (1989)). We "'can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other [s]tate policy.'" Ibid. (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)). Furthermore, "'[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come

to the same conclusion if the original determination was its to make, but rather whether the fact finder could reasonably so conclude upon the proofs.'"  Ibid. (alteration in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).  In sum, our scope of review is confined to determining "whether the agency's decision offend[ed] the State or Federal Constitution[s]"; whether such action violated legislative policies; "whether the record contain[ed] substantial evidence to support" the agency's factual findings; and whether the agency, in applying "legislative policies to the facts, . . . clearly erred in reaching a conclusion that could not reasonably have been made . . . ." Id. at 210-11 (quoting George Harms Constr., 137 N.J. at 27).

The relevant statute provides that an individual shall be disqualified from receiving benefits if "the individual has left work voluntarily without good cause attributable to such work, . . . ."  N.J.S.A. 43:21-5(a).  "While the statute does not define 'good cause,' . . . courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'"  Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (citations omitted) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)).

A-3052-17T4

The test for determining whether an employee's decision to leave work constitutes "good cause" is one of "'ordinary common sense and prudence' . . . ." Brady, 152 N.J. at 214 (quoting Zielenski v. Bd. of Review, 85 N.J. Super. 46, 52 (App. Div. 1964)). The employee's decision to quit "'must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones.'" Ibid. (quoting Domenico, 192 N.J. Super. at 288). "A claimant has the 'responsibility to do whatever is necessary and reasonable in order to remain employed.'" Ibid. (citation omitted) (quoting Heulitt v. Bd. of Review, 300 N.J. Super. 407, 414 (App. Div. 1997)).

Applying these well-established standards, we discern no basis to disturb the determinations made by the Board. Locker complains of the unprofessional conduct of her supervisor. She first brought that conduct to the attention of her Employer on September 15, 2017. The Tribunal found that the Employer appropriately addressed the situation at that time. Thereafter, Locker did not complain again until the day she resigned from work. The Tribunal therefore found that Locker did not give her Employer any time to address the situation further. The Board adopted those findings and those findings are based on substantial credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                            A-3052-17T4