**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4498-18T3

HASHIM SHABAZZ,

    Plaintiff-Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and GAD BAKERIES NJ LLC,

    Defendants-Respondents.

_____

Submitted September 15, 2020 – Decided September 24, 2020

Before Judges Gilson and Gummer.

On appeal from the Board of Review, Department of Labor, Docket No. 173,656.

Hashim Shabazz, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Sean P. Havern, Deputy Attorney General, on the brief).

GAD Bakeries NJ LLC, respondent pro se, has not filed a brief.

PER CURIAM

Hashim Shabazz appeals from a final decision by the Board of Review (Board) that found that he was not qualified for unemployment benefits because he left work voluntarily without good cause attributed to work. N.J.S.A. 43:21-5(a). We affirm.

Shabazz was employed by GAD Bakeries N.J., LLC (GAD) for approximately two years, from March 2017 to January 2019. On January 15, 2019, Shabazz came to work and found that his locker had been opened and his personal items had been thrown on the floor.

Shabazz then met with Jason Schwartz, GAD's Director of Operations, and Renee Cain, GAD's Human Resource Manager. Shabazz initially complained about the opening of his locker and lost items, but then raised prior complaints about a stolen cell phone and a failure to be given a raise. During that meeting, Shabazz asked if he could leave GAD and collect unemployment. Cain responded that the company did not control unemployment decisions.

Ultimately, the conversation became heated and, according to Cain, Shabazz stated that "it was not a healthy relationship," the situation was "ridiculous," and Schwartz and Cain were "ignorant." Shabazz was then asked to leave GAD's property, and he never returned to work.

2

Shabazz applied for unemployment benefits, and he received $297 for one week of benefits. Thereafter, Shabazz was determined to be ineligible for benefits because he had left work voluntarily without good cause attributed to the work.

Shabazz appealed that determination, and a telephonic hearing was held before an Appeal Tribunal (Tribunal). At that hearing, Shabazz and Cain, as a representative of GAD, testified. The Tribunal determined that Shabazz had left work because his personal items had been stolen from his locker. The Tribunal then found that Shabazz was disqualified from receiving benefits because leaving work for a personal reason did not constitute good cause attributed to the work. The Tribunal directed Shabazz to refund the sum of $297.

Shabazz appealed the Tribunal's decision to the Board. On April 4, 2019, the Board affirmed the decision of the Tribunal. In that regard, the Board adopted the factual findings and conclusions of the Tribunal, but modified the finding concerning why Shabazz left work. The Board found that Shabazz had left work voluntarily without good cause attributed to the work because he was unsatisfied with management's response to his complaints.

Shabazz now appeals the Board's decision to us, contending that the Board's decision did not consider his personal circumstances, including his

mental health conditions, and that certain information was not admitted at the hearing. Given our limited scope of review, we discern no basis to reverse the decision of the Board.

An agency's decision should not be disturbed on appeal unless it is shown to be arbitrary, capricious, or unreasonable. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing In re Warren, 117 N.J. 295, 296 (1989)). We "'can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy.'" Ibid. (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)). Furthermore, "'[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'" Ibid. (alteration in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). In sum, our scope of review is confined to determining "whether the agency's decision offend[ed] the State or Federal Constitution[s]"; whether such action violated legislative policies; "whether the record contain[ed] substantial evidence to support" the agency's factual findings; and whether the agency, in applying "legislative policies to the facts . . . clearly erred

in reaching a conclusion that could not reasonably have been made." Id. at 210-11 (quoting George Harms Constr. Co., 137 N.J. at 27).

The relevant statute provides that an individual shall be disqualified from receiving benefits if "the individual has left work voluntarily without good cause attributable to such work." N.J.S.A. 43:21-5(a). "While the statute does not define 'good cause,' . . . courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (citations omitted) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)).

The test for determining whether an employee's decision to leave work constitutes "good cause" is one of "'ordinary common sense and prudence[.]'" Brady, 152 N.J. at 214 (quoting Zielenski v. Bd. of Review, 85 N.J. Super. 46, 52 (App. Div. 1964)). The employee's decision to quit "'must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones.'" Ibid. (quoting Domenico, 192 N.J. Super. at 288). "A claimant has the 'responsibility to do whatever is necessary and reasonable in order to remain employed.'" Ibid. (citations omitted) (quoting Heulitt v. Bd. of Review, 300 N.J. Super. 407, 414 (App. Div. 1997)).

Applying these well-established standards, we discern no basis to disturb the determinations made by the Board. Based on the testimony at the hearing, the Tribunal found that Shabazz had voluntarily quit and he had not been fired. The Board adopted that finding, but modified the finding concerning the reason why Shabazz quit. In that regard, the Board determined that Shabazz left work because he was not satisfied with his employer's response to his complaints. The Board then determined that such a reason for leaving work did not constitute good cause attributable to work because there was no evidence to support that GAD was responsible for Shabazz's loss of property. Those findings are supported by substantial credible evidence in the record. Moreover, the Board's determination that Shabazz's reasons for leaving work did not constitute good cause attributed to the work is consistent with well-established law.

Before us, Shabazz argues that his mental health conditions did not permit him to remain at work because he was getting so angry with management that he was afraid he might commit an act of violence. Shabazz did not, however, expressly raise that argument before the Tribunal or the Board. "Normally, we do not consider issues not raised below at an administrative hearing." In re Stream Encroachment Permit, 402 N.J. Super. 587, 602 (App. Div. 2008) (citing Bryan v. Dep't of Corr., 258 N.J. Super. 546, 548 (App. Div. 1992)).

Accordingly, we decline to address this issue because it does not involve a jurisdictional question or a matter of great public interest. See <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973). Nevertheless, we note that Shabazz failed to support his claim of mental health problems with sufficient admissible evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4498-18T3