**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4800-18T3

JAINARINE LALBACHAN,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and APIDEL TECHNOLOGIES,
LLC,

    Respondents.

_____

Submitted December 1, 2020 – Decided January 14, 2021

Before Judges Fisher and Gilson.

On appeal from the Board of Review, Department of Labor, Docket No. 169,511.

Jainarine Lalbachan, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review, Department of Labor (Melissa H. Raksa, Assistant Attorney General, of counsel; Achchana C. Ranasinghe, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Jainarine Lalbachan appeals from a final agency decision by the Board of Review (Board), which determined that he was ineligible for unemployment benefits because he left work voluntarily without good cause attributable to such work. N.J.S.A. 43:21-5(a). We affirm.

Claimant worked as a compliance auditor and fiscal analyst for Apidel Technologies, LLC (Apidel) from May 30, 2017 until October 16, 2018. After he left employment, he applied for unemployment benefits. In December 2018, the Deputy of the Division of Unemployment and Disability Insurance interviewed claimant. Claimant explained that his rent had increased and he could no longer afford to pay rent. He also told the Deputy that his parents had asked him to move back to Florida. Moreover, claimant had previously told his work supervisor that he was looking for another residence.

Accordingly, the Deputy found that claimant was disqualified from receiving unemployment benefits because he left work voluntarily without good cause attributable to such work. Claimant administratively appealed.

The Appellate Tribunal conducted three proceedings, during which claimant testified. Before the ALJ, claimant asserted that he had left work because of two incidents that made him feel "mentally abused." The alleged

incidents involved comments made by employees of the State of New Jersey Department of Community Affairs, one of the clients of claimant's employer. Claimant also testified that after reporting the incidents, his employer informed him he would be reassigned to a new client. Moreover, he testified that if his rent had not been raised, he would have continued working at Apidel.

The Appellate Tribunal determined that claimant had left work because he could not afford his rent and planned to move to Florida. The Tribunal found claimant's inconsistent testimony about his reasons for leaving work to be "self-serving in an attempt to receive unemployment benefits." In that regard, the Tribunal found that claimant's employer was willing to move him to work with a different client, but claimant left employment before that reassignment could be effectuated. Finally, the Tribunal determined that claimant had to repay $1,599 in benefits he received but was not entitled to keep. N.J.S.A 43:21-16(d).

The Board affirmed the Appellate Tribunal on the basis that the claimant relocated out of "the area." The Board also noted certain minor errors in the Tribunal's written opinion, but otherwise adopted that decision.

Claimant now appeals the Board's decision to us, contending that the Board did not consider his claims of "discrimination and abuse," he had established good cause for leaving work, and he should have been afforded

another hearing and more time to obtain evidence from his employer.  Given our limited scope of review, we discern no basis to reverse the decision of the Board.

An agency's decision should not be disturbed on appeal unless it is shown to be arbitrary, capricious, or unreasonable.  Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing In re Warren, 117 N.J. 295, 296 (1989)).  We "can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy."  Ibid. (quoting George Harms Constr. Co., Inc. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)).  Furthermore, "'[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'"  Ibid. (alteration in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).  In sum, our scope of review is confined to determining "whether the record contains substantial evidence to support the findings on which the agency based its action;" and whether the agency, "in applying the legislative policies to the facts . . . clearly erred in reaching a conclusion that could not reasonably have been made[.]"  Id. at 211 (quoting George Harms Constr., 137 N.J. at 27).

A-4800-18T3

The relevant statute provides that an individual shall be disqualified from receiving benefits if "the individual has left work voluntarily without good cause attributable to such work[.]"  N.J.S.A. 43:21-5(a).  "While the statute does not define 'good cause,' . . . courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'"  Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (citations omitted) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)).

The test for determining whether an employee's decision to leave work constitutes "good cause" is one of "ordinary common sense and prudence[.]"  Brady, 152 N.J. at 214 (quoting Zielenski v. Bd. of Review, 85 N.J. Super. 46, 52 (App. Div. 1964)).  The employee's decision to quit "must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones."  Ibid. (quoting Domenico, 192 N.J. Super. at 288).  "A claimant has the 'responsibility to do whatever is necessary and reasonable in order to remain employed.'"  Ibid. (citations omitted) (quoting Heulitt v. Bd. of Review, 300 N.J. Super. 407, 414 (App. Div. 1997)).

Applying these well-established standards, we discern no basis to disturb the decision of the Board.  Based on the testimony at the hearing, the Tribunal

found that claimant had voluntarily quit and he had not been forced to leave. In particular, the Tribunal noted claimant's inconsistent testimony concerning why he left his employment. The Tribunal then found that claimant was not credible, and the evidence established that claimant left work because he could not afford the increase in his rent and he wanted to relocate to Florida. The Tribunal rejected claimant's later claims that he was forced to leave work because of abuse by a client. In that regard, the Tribunal noted that claimant admitted his employer told him that he would be reassigned to work with a new client and that he would not have left work except for the increase in his rent. The Board accepted those findings and based its decision on the finding that claimant resigned to relocate to Florida. Those findings are amply supported by the substantial credible evidence in the record and there is nothing arbitrary, capricious, or unreasonable about the Board's determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4800-18T3