**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1150-17T3

BELINDA MENDEZ-AZZOLLINI,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and IRVINGTON BOARD OF
EDUCATION,

      Respondents.

_____

> Submitted December 5, 2018 – Decided March 15, 2019
>
> Before Judges Fuentes and Moynihan.
>
> On appeal from the Board of Review, Department of Labor, Docket No. 099,278.
>
> Caruso Smith Picini, PC, attorneys for appellant (Timothy R. Smith, of counsel; Steven J. Kaflowitz, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer,

Assistant Attorney General, of counsel; Aaron J. Creuz, Deputy Attorney General, on the brief).

Respondent Irvington Board of Education has not filed a brief.

PER CURIAM

Belinda Mendez-Azzollini appeals from the Board of Review's (Board) final administrative decision affirming the Appeal Tribunal's August 25, 2017[1] determination that she was disqualified for unemployment benefits because of her suspension and subsequent discharge from her position as a guidance counselor for the Irvington Board of Education for severe misconduct: changing a student's grade without a legitimate justification. Appellant argues: (1) the appeal filed by the Deputy Director (Deputy) of the New Jersey Department of Labor and Workforce Development – Division of Unemployment and Disability Insurance (Division) of the Appeal Tribunal's October 13, 2016[2] decision – that reversed the denial of unemployment benefits and deemed her eligible to receive same – was, without good cause, filed out of time leaving the Board without

---

[1] The dates we refer to are the "mailing dates" for the decisions of the Board and the Appeal Tribunal.

[2] The Board, in its merits brief, contends the Appeal Tribunal's decision was mailed October 12, 2016. Although we perceive the mailing date on the Appeal Tribunal's decision was October 13, we agree with the Board that the resolution of the alleged discrepancy has no bearing on our decision.

jurisdiction to hear the appeal; (2) the Appeal Tribunal's decision was not based on competent evidence; (3) appellant's conduct did not amount to "severe misconduct"; and (4) the Appeal Tribunal erred by relying on the arbitrator's decision at appellant's tenure hearing because the arbitrator's findings related to tenure charges of conduct unbecoming a teacher, and did not determine if her actions constituted "severe misconduct." We agree with appellant's argument that the Board did not have jurisdiction to hear the appeal of the Deputy and reverse. As such, we need not address appellant's remaining arguments.

The Appeal Tribunal's October 2016 decision followed a telephonic hearing in which only appellant, with counsel, participated. Based on appellant's "consistent and uncontroverted testimony," the Appeal Tribunal noted that the right of her employer to discharge her for changing a student's grade did "not necessarily establish . . . that the discharge was due to misconduct connected with the work within the meaning of the law." The Appeal Tribunal found that appellant, in changing the grade, acted within the discretion accorded her by her employer

> and acted in good faith within such discretion. Her decision was based upon prior experience in similar situations, and was precipitated by an error which she did not create. In the absence of any clear rule or procedure of the employer which prohibited her from doing so, specified that she do so in a specific manner

A-1150-17T3

which she then intentionally ignored, or any instruction from a superior which she disregarded, there is no evidence of willful misconduct.

The parties do not dispute that the Deputy did not timely appeal that decision. The Board's July 27, 2017 order recognized the Deputy "filed a late appeal with good cause" and remanded the case "to the Appeal Tribunal for a hearing and a decision on all issues" after "[i]t appear[ed] there [was] need for additional testimony from [appellant] and the employer as to whether [appellant] was discharged for misconduct connected with the work due to new evidence the [D]ivision received." It was during the telephonic remand hearing – in which appellant, with counsel, and the Deputy participated – that the Appeal Tribunal, utilizing the transcript of the tenure arbitration proceedings, concluded appellant's alteration of the student's records was "willful" and "malicious," constituting "severe misconduct" warranting a disqualification for benefits. The Board affirmed in its September 25, 2017 decision.

Our review of administrative agency decisions is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). We will not disturb the Board's action unless it is "arbitrary, capricious, or unreasonable." Ibid.

Pursuant to N.J.S.A. 43:21-6(c), an Appeal Tribunal's decision "shall be deemed to be the final decision of the board of review, unless further appeal is initiated pursuant to subsection (e) of this section . . . within 20 days after the date of notification or mailing of such decision."[3] "If a review of an Appeal Tribunal's decision is not initiated by either an interested party or the Board . . . within the [prescribed time limits], the decision becomes 'final' and is not subject to review except upon a showing of fraud or other fundamental defect in the proceedings." Van Ouhl v. Bd. of Review, 254 N.J. Super. 147, 151 (App. Div. 1992) (citing Kaske v. State of N.J., Bd. of Review, 34 N.J. Super. 222, 225-26 (App. Div. 1955)). Relief from these time constraints is afforded by N.J.A.C. 12:20-4.1(h) which provides:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> 1.    The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2.    The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

---

[3]   N.J.S.A. 43:21-6(e) allows appeals to the Board by interested parties and further provides that the Board "may on its own motion affirm, modify, or set aside any decision of an appeal tribunal."

We conclude the Board's July 27, 2017 finding of good cause for the Deputy to file the late appeal was arbitrary, capricious and unreasonable. The Board did not set forth any basis for its conclusion that good cause existed. On remand, after the Board found good cause, the Appeal Tribunal, without citing to any record or document, attributed the following reasons to the Board's finding:

> In this case, the Board . . . held the Deputy's appeal late with good cause on the basis that the Deputy possessed the decision of [appellant's] tenure hearing arbitrator (exhibit D1), which constituted new, admissible evidence in the matter. When [appellant] initially testified before the Appeal Tribunal on [October 12, 2016], she testified that there was an inconsistency that she had discovered wherein the school's computer system reflected the inconsistent information showing an "F" grade but five credits earned. She failed to mention that it was she who had created the inconsistency by first altering the credits earned on [November 10, 2015]. Additionally, [appellant] also failed to mention in her [October 12, 2016] testimony that she had been repeatedly dishonest during her [June 20, 2016] meeting with her supervisor and Principal about having had changed the grade from "F" to "D" only five calendar days earlier. Both of these facts were revealed to the [Appeal] Tribunal via exhibit D1, and confirmed with [appellant] while she was under oath during the [Appeal] Tribunal's [August 21, 2017] hearing.

If this was, in fact, the basis for the Board's determination of good cause, we conclude it does not support a finding under N.J.A.C. 12:20-4.1(h) which

6

allows relief where the delay "was due to circumstances beyond the [Deputy's] control" or the Deputy "delayed filing for circumstances which could not have been reasonably foreseen or prevented."  There is no evidence that establishes either of the good cause reasons set forth in the regulation.  The arbitrator's decision was handed down on May 25, 2017.  The record does not establish good cause for filing a late appeal, twenty-five days after the arbitration decision was handed down.  Mazza v. Bd. of Trs., P.F.R.S., 143 N.J. 22, 25 (1995) (holding in determining whether an agency action was arbitrary, capricious or unreasonable, courts consider "whether the record contains substantial evidence to support the findings on which the agency based its action").

Furthermore, the arbitrator's decision did not present "new evidence" that could not have been discovered in connection with the Deputy's first hearing. The Appeal Tribunal found the "new evidence" consisted of appellant's failure to mention during the first hearing that: (1) on November 10, 2015 she changed the student's records to reflect he had earned five credits and (2) she had been dishonest about changing the student's grade during a June 20, 2016 meeting with her superiors.  That information was available before the first hearing. During the June 20 meeting, appellant admitted changing the grade shortly after the superintendent of schools showed her a copy of the student's historical grade

screen evidencing that the grade change was done by someone using appellant's user code.

A Deputy, upon receiving a claim for benefits, must notify the claimant's employer. N.J.S.A. 43:21-6(b). That notice requires the "employer to furnish such information to the [D]eputy as may be necessary to determine the claimant's eligibility and his [or her] benefit rights with respect to the employer in question." Ibid. The employer has ten days after the notice is sent to respond to the request for information. Ibid. If the employer fails to respond "the [D]eputy shall rely entirely on information from other sources, including an affidavit to the best of the knowledge and belief of the claimant with respect to his [or her] wages and time worked." Ibid. If the Deputy cannot make an initial determination due to a lack of information, the Division is permitted two additional weeks to obtain the missing information. Ibid.

Under this statutory framework, it was incumbent on the Deputy to request information from the employer and, if necessary, take advantage of the allowed extension to obtain needed information. There is no evidence the Deputy utilized the statutory two-week extension in order to obtain information from the employer, which did not participate in the first hearing. Thus, the "new

A-1150-17T3

evidence" does not constitute good cause under N.J.A.C. 12:20-4.1(h) to excuse the late filing.

New Jersey courts have consistently held that the statutory filing deadlines for unemployment appeals to be of jurisdictional import "and hence not generally subject either to equitable tolling or to enlargement under the so-called discovery rule." Hopkins v. Bd. of Review, 249 N.J. Super. 84, 88-89 (App. Div. 1991). Absent good cause, the Appeal Tribunal was without authority to hear the Deputy's late appeal on remand.

As such, we reverse the Board's September 25, 2017 decision and reinstate the Appeal Tribunal's October 13, 2016 decision. We remand this matter for proceedings not inconsistent with this decision, if necessary to determine appellant's entitlement. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION